B. F. Fisher, Assignee, Appt., *v.* John M. Moser et al.

The dissolution of a preliminary injunction, in an action by the assignee of a defunct corporation, to restrain the sale of land (conveyed to such corporation by its predecessor), under a mortgage given by its predecessor to third parties, which it was claimed was in fraud of other creditors, affirmed.

(Argued April 3, 1888. Decided May 7, 1888.)

January Term, 1888, No. 187, E. D., before GORDON, Ch J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Ap‑ peal of B. F. Fisher, assignee for the benefit of creditors of the Enterprise Brewing Company, which was the grantee of the Enterprise Brewing Company, Limited, from a decree of the Common Pleas No. 3 of Philadelphia County dissolving a spe‑ cial injunction restraining the sale of real estate of the Enter‑

prise Brewing Company, Limited, June term, 1887, No. 1026, in equity. Affirmed.

The bill of complaint herein was filed by B. F. Fisher as assignee for the benefit of creditors of the Enterprise Brewing Company, setting forth, *inter alia,* that the Enterprise Brewing Company is a corporation organized under the act of April 29, 1874, and that your orator by deed of assignment dated September 21, 1887, from said corporation, duly recorded, became seised and vested of all the real estate and personal property of said corporation for the benefit of creditors; all of which, except a limited quantity of stock, formerly belonged to "the Enterprise Brewing Company, Limited," the said corporation assuming the payment of the just liabilities of said limited company; that on April 19, 1887, Peter Wolters, chairman, and E. H. Brown, secretary of said limited company, by indenture of mortgage, without due authority, sought to convey and encumber said real estate to secure an alleged indebtedness of $20,000 to Moser & Heidenheimer, upon which judgment has been entered in this suit; that at that time, April 19, 1887, the board of managers of said limited company was composed of said Peter Wolters and E. H. Brown, together with Moses K. Graeff, Jefferson Quinter, and G. B. Stevens, and said indenture of mortgage and the indebtedness thereby intended to be secured was contracted without the knowledge or consent of said Graeff, Quinter, and Stevens, and without any action of the board of managers whatsoever; that no consideration was given at the time of the execution and delivery of said mortgage, but that the same was intended by Wolters and Brown, colluding with said Moser & Heidenheimer, as a wrongful and fraudulent preference, in prejudice of the rights of the general creditors of the Enterprise Brewing Company, Limited; that said mortgage was given without the sanction of a majority of the shareholders of said limited company and was not acknowledged by the chairman and secretary, as required by the act of February 18, 1875, being acknowledged by the secretary only—said acknowledgment reciting the same" as and for the act and deed of said corporation, in pursuance of a resolution of said limited company," which averment is untrue; that a sci. fa. was issued upon this mortgage September 3, 1887, served upon said Peter Wolters; that no appearance was caused to be entered, and judg-

ment was entered thereon by default on September 24, 1887; that your orator and the creditors of said Enterprise Brewing Company had no knowledge of said suit and judgment until advertisements of a sale of said real estate on November 7, 1887, by John J. Ridgway, Esq., sheriff of Philadelphia county; that the alleged indebtedness of the limited company intended to be secured by said mortgage has since the making thereof been paid by notes of the corporation—the Enterprise Brewing Company—which notes were given and accepted as such payment and in extinguishment of the indebtedness of the limited company; that the assets are insufficient for the payment of the debts, and if the sale is allowed to proceed it will result in the sacrifice of said assets; and praying, *inter alia,* that an injunction, preliminary until hearing and perpetual thereafter, may be awarded, restraining the sale of said real estate and property hereinbefore set forth, or any part thereof.

The bill was sworn to, and the allegations thereof were substantially sustained by the injunction affidavits of Moses K. Graeff, Jefferson Quinter, and Garrett B. Stevens.

The reply affidavits of Peter Wolters, E. H. Brown, J. M. Moser, and Charles Heidenheimer deny all the allegations of the bill.

A preliminary injunction was granted, and on motion of appellees it was afterwards and before final decree dissolved by the court without opinion; and this action of the court was specified as error.

*D. H. Stone,* for appellant.—The Enterprise Brewing Company, Limited, having reached the limit of its existence on April 10, 1887, it became *ipso facto* dissolved as an organization on that day, and no longer had capacity to transact the business for which it was organized, or to convey its real estate except for the purpose of winding up its affairs. Act of June 2, 1874, § 8; Crowther v. Upland Industrial Co-op. Asso. 1 Del. Co. Rep. 264; Cooper v. Oriental Sav. & L. Asso. 100 Pa. 405; Wilson v. Tesson, 12 Ind. 285; Commercial Bank v. Lockwood, 2 Harr. (Del.) 8; Morawetz, Priv. Corp. § 630.

Partnership associations or joint stock companies organized under the act of June 2, 1874, and its supplements, are corporations within the purview of article 16, § 7, of the Constitution and of the act of April 18, 1874, § 2, passed to carry out the constitutional article.

The mortgaging of the property of a corporation is an increase of its indebtedness which can be effected only by complying with article 16, § 7, of the Constitution, and with the act of April 18, 1874, passed to enforce the constitutional article. Bonds and mortgages which are issued in disregard of this constitutional provision are invalid and void. Rothschild v. Rochester & P. R. Co. 1 Pa. Co. Ct. 620; Pittsburgh & State Line R. Co. v. Rothschild,. 8 Sad. Rep. 83.

Section 13 of article 16 of the Constitution is as follows:

"The term corporations as used in this article shall be construed to include all joint stock companies or associations having any of the powers or privileges of corporations not possessed by individuals or partnerships." See Patterson v. Tidewater Pipe Co. 12 W. N. C. 452.

The mortgage is acknowledged by the secretary alone, and not by the chairman and secretary as required by the act of February 18, 1875, § 1.

Treating this association as a corporation it was clearly *ultra vires* for the chairman and secretary to execute and deliver this mortgage without the authority of the board of managers, and without the knowledge and consent of a majority of the managers; and there being no such prior authority, and their act not being thereafter ratified, the mortgage is void, or at least voidable in a contest between creditors. First Nat. Bank v. Hoch, 89 Pa. 327, 33 Am. Rep. 769; Camden & A. R. Co. v. Coxe, 1 Sad. Rep. 412; Lerch Hardware Co. v. First Nat. Bank, 109 Pa. 241; Titus v. Cairo & F. R. Co. 37 N. J. L. 102; McCullough v. Moss, 5 Denio, 567; Stow v. Wyse, 7 Conn. 214, 18 Am. Dec. 99; Stokes v. New Jersey Pottery Co. 46 N. J. L. 238; Hoyt v. Thompson, 5 N. Y. 320; Leggett v. New Jersey Mfg. & Bkg. Co. 1 N. J. Eq. 542, 23 Am Dec. 728.

Viewing this association as a partnership merely, no two members thereof had authority to execute this mortgage of all the real estate of the partnership, without the knowledge or consent of the other members, to any extent greater than their own interests in it. Ewell's Lindley, Partn. *p. 652, note.

Where land is partnership stock it never becomes personalty, even during the continuance of the firm, so as to give one partner power to dispose of the firm interest in it. Land is not subject to the rule that each partner is agent of the firm. Neither can sell more than his own undivided interest in it, unless he

have from the other a sufficient special authority for the purpose. This seems to be the inevitable result of the statute of frauds, both as to legal and equitable interests or estates. Foster's Appeal, 74 Pa. 396, 15 Am. Rep. 553.

*Matthew Dittmann* and *Lewis C. Cassidy,* for appellees.— If a corporation has the power to buy and sell, it follows that it must have the power to mortgage, which is not a greater power. Lancaster v. Dolan, 1 Rawle, 231, 18 Am. Dec. 625; Gordon v. Preston, 1 Watts, 385, 26 Am. Dec. 75; Watts's Appeal, 78 Pa. 370; 2 Morawetz, Priv. Corp. 175. See Green's Brice, Ultra Vires, 66; Dana v. Bank of United States, 5 Watts & S. 233; Ahl v. Rhoads, 84 Pa. 319; San Antonio v. Mehaffy, 96 U. S. 312, 24 L. ed. 816; Hackensack Water Co. v. DeKay, 36 N. J. Eq. 548.

A principal not promptly disavowing an act of his agent who has transcended his authority makes the act his own. Kelsey v. Nat. Bank, 69 Pa. 426; Bredig v. Dubarry, 14 Serg. & R. 30.

Even where an act of directors is in excess of their authority, but done with a bona fide intent of benefitting the corporation, and a shareholder knowing of it does not dissent within a reasonable time, his assent will be presumed; and he cannot gainsay it. Watts's Appeal, 78 Pa. 370. See Kent v. Quicksilver Min. Co. 78 N. Y. 187; Wright v. Pipe Line Co. 101 Pa. 204, 47 Am. Rep. 701; Oil Creek & A. River R. Co. v. Pennsylvania Transp. Co. 83 Pa. 160; Sheldon Hat Blocking Co. v. Eickemeyer Hat Blocking Mach. Co. 90 N. Y. 607.

A contract executed and acquiesced in and benefits received thereunder cannot be successfully assailed. 55 Ill. 417; 9 Cal. 453; 23 Ohio, 47.

There is a class of cases in which a purchaser taking title subject to an encumbrance prior in point of time, is precluded from disputing its validity. See De Wolf v. Johnson, 10 Wheat. 367, 6 L. ed. 343; Dolman v. Cook, 14 N. J. Eq. 56; Conover v. Hobart 24 N. J. Eq. 120; Hackensack Water Co. v. DeKay, 36 N. J. Eq. 548.

PER CURIAM:

The decree of the court below, dissolving the special injunction, is affirmed and the appeal dismissed, at costs of appellant.